**BRET A. KNEWTSON**, OSB 033553
3000 NE Stucki Ave Ste 230-M
Hillsboro, OR 97124
Telephone (503) 846-1160
Facsimile (503) 922-3181
bknewtson@yahoo.com

**MARK G PASSANNANTE** OSB 944035
Broer& Passannante, P.S.
1001 SW Fifth Avenue, #1220
Portland, Oregon 97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com

  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| ANNA M. BJORNSDOTTER, on behalf of herself and others similarly situated,<br>  Plaintiffs,<br> vs.<br>SUTTELL & HAMMER, P.S., FKA SUTTELL, HAMMER & WHITE, P.S., and PATRICK LAYMAN,<br>  Defendants . | Case No.: 3: 18-2079<br><br>COMPLAINT – CLASS ACTION<br>Violation of 15 U.S.C. § 1692, *et. seq*. (FDCPA)<br>Jury Trial Requested |

### **PRELIMINARY STATEMENT**

1.  This is an action for money damages brought by a consumer pursuant to the Fair Debt

   Collection Defendants ctices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits

   abusive, deceptive and unfair debt collection Defendants ctices and other tort claims.

COMPLAINT - Page 1 of 10

2. Plaintiff's claim arises from defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3. Plaintiff requests a jury trial.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

5. Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiffs reside in Oregon, and Defendant transacts business in Oregon.

## PARTIES

### DEFENDANT SUTTELL & HAMMER P.S.

6. Defendant SUTTELL & HAMMER P.S. (hereinafter "Suttell") is a Foreign Professional Corporation organized under Washington law as of June 7th, 2013 and does business in Oregon. Defendant Suttell's principal place of business is located at 3000 Northup Way STE 200 Bellevue WA 98004. Suttell is formally known as Suttell, Hammer & White, P.S.

### DEFENDANT PATRICK LAYMAN

7. Defendant Patrick Layman (hereinafter "Layman") is an individual employed by Suttell during all applicable times.

### PLAINTIFF ANNA M BJORNSDOTTER

8. Plaintiff Anna M Bjornsdotter (hereinafter "Bjornsdotter" or "Plaintiff") is a natural person who resides in Lane County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

## ALLEGATIONS

### DEFENDANTS ARE DEBT COLLECTORS

COMPLAINT - Page 2 of 10

9. Suttell and Laymen (hereinafter "Defendants ") use the instrumentality of interstate commerce, such as making interstate phone calls, using the mails, registering Suttell with various Secretary of States as a business conducting business in those states, including registering with the Oregon Secretary of State, engaging in interstate travel, and employing people in multiple states, to regularly collect, from individuals, debts that were incurred primarily for personal, family or household purposes.

10. Upon information and belief, the only business defendant engages in is collection of any debts that were incurred by individuals primarily for personal, family or household purposes. The principal purpose of Suttell's business is the collection of any debts owed or due or asserted to be owed or due by others.

11. Suttell's principal business purpose is the collection of any debts as those are described in 15 USC 1692A(5) and (6).

12. This action involves collection lawsuits filed by Defendants in Oregon. On information and belief, each of the collection lawsuits filed by Defendants sought to collect a debt incurred by individuals who owed the debt to an entity other than Suttell and whom incurred the debt primarily for personal, family or household purposes.

13. Suttell is a debt collector as that term is defined at 15 USC 1692a(6).

14. Given an opportunity to conduct discovery Plaintiff believes Suttell's net worth at the time of the filing of this complaint is between $5 to $20 million.

15. Given an opportunity to conduct discovery Plaintiff believes Suttell's net worth at the time of the filing of this complaint does not exceed $20 million.

16. Layman is a debt collector as that term is defined at 15 USC 1692a(6).

## **THE DEBT IS A CONSUMER DEBT**

COMPLAINT - Page 3 of 10

17. Plaintiff requested a credit card from Discover Bank was issued a non-business credit charge account. She used the account primarily to pay for gas, food, and other household or personal purchases. The Discover Bank issued the account as a consumer credit card account. Plaintiff used the account until April 1, 2016.

18. Plaintiff meets the definition of consumer as that terms is used at 15 USC 1692a(3).

19. Plaintiff's use of the account resulted in a debt owed to another (the Debt) as that term is used at 15 USC 1692a(5).

### BACKGROUND

20. According to Discover Products Inc. (Discover Products) Discover Products was the servicer of the account and was employed by Discover Bank to handle all communications about the accounts with account holders and to provide all the documentation sent to the account holders. Discover Products owned all the account documentation. Discover Products controlled the policies and procedures it followed not Discover Bank.

21. Discover Products sent statements to Bjornsdotter. She made her last purchase via the account on April 1, 2016. The balance reflected on the statement with the closing date of April 4, 2016 was $1,267.94. She made her last payment on March 1, 2016. Discover Products submitted an affidavit in the collection case asserting the last statement sent on the account had a closing date of October 4, 2016 and a balance of $1,653.36. Exhibit 2. At no time did Discover Bank, nor Discover Products ever inform Plaintiff that the account was closed or that Discover Bank intended to enter into a new agreement to fix the Account in a sum certain.

22. Upon information and belief Plaintiff alleges, on December 4, 2017, on behalf of Discover Bank, an employee of Suttell filed a complaint in Lane County, state of Oregon, captioned

Discover Bank vs Anna M Bjornsdotter, #17CV52591 in which Defendants sought to collect the Debt ("Collection Lawsuit").

23. Defendants caused Plaintiff to be served with a copy of the Collection Complaint filed in the Collection Lawsuit on or around February 5, 2018. Exhibit 1, (Collection Complaint).

24. The Collection Complaint and the allegations in it were a communication and a means to attempt to collect the Debt.

25. Plaintiff contested the Collection Complaint and incurred court costs and deposition related costs in that contest. Plaintiff lost the Collection Lawsuit and appealed the decision. The appeal is pending.

26. The Collection Complaint was a form complaint in which the allegations were standardized for all collection lawsuits filed by Defendants on behalf of Discover Bank. The only differences between the Collection Complaint and those other complaints filed in Oregon on behalf of Discover Bank, in which Defendants asserted a claim for "Account Stated," were the personal identifiers, the identify of the credit issuers and the specifics of the individuals' debts, such as amount owed and account number.

27. Defendants have filed over 100 similar complaints in the year prior to the filing of this complaint.

## ACCOUNT STATED FACTS

28. The Collection Complaint alleged in support of a claim for "Account Stated," in sum, that Discover Bank owned the Account, monthly statements were sent to Plaintiff, Discover Bank kept an account of debits and credits involved in the transactions on the Account, and there were no disputes.

29. That allegation was a false, unfair, deceptive and misleading communication in connection with an attempt to collect the Debt as the facts appeared to be true but they did not support a claim Plaintiff had agreed to state the account with Discover Bank.

30. In order to disprove Defendants assertion that the account had been stated Plaintiff had to depos Discover Bank. That deposition revealed that Discover Bank did not send the periodic statements as an effort to confer with Plaintiff on the transactions of the account in order to resolve their dealings by reaching an agreement on the sum due and establishing a new promise by Plaintiff to pay that agreed sum with the new promise to pay replacing their contractual relationship. In fact, Discover Products sent the periodic statements for informational purposes only.

## UNJUST ENRICHMENT FACTS

31. The Collection Complaint alleged that Plaintiff was unjustly enriched as a result of failing to pay for the goods, services, balance transfers or cash advances that Defendant received on the account. Those facts could not support a claim for unjust enrichment as it does not allege any misunderstanding between the parties. Nor could those facts support the demand for judgment which only listed a sum of $1,653.36 as the claim for relief upon both claims. The majority of the Debt was attributable to finance charges which could only be imposed if the parties had an agreement permitting the charges.

32. Upon information and belief, Plaintiff alleges that Defendants have never prevailed on a claim for unjust enrichment in a credit card debt collection lawsuit. Asserting a false, deceptive and misleading claim, such as unjust enrichment, that could not support a claim for the amount demanded or a right to a judgment on the claim is an abusive and unfair collection practice.

## OVERSTATED PROCESS SERVICE FEE

33. Suttell asserted in the Collection Lawsuit that it had hired a process server to serve the Collection Complaint on Plaintiff and Suttell had agreed to pay the process server a minimum $65 fee for each collection lawsuit served by the process server at Suttell's request.

34. Defendants submitted a cost bill asserting it was entitled to recover that fee of $65 in the arbitration proceeding and after it prevailed on its claims before the motion for summary judgment hearings judge. Defendants asserted that they could recover the $65 because they had a contract right to recover the charge.

35. Defendants did not have a contract right to recover the charge and were limited by statute to a process service fee of $45. Plaintiff contested the cost bill and Defendants claim was denied in the sum of $65 and allowed in the sum of $45.

36. Upon information and belief Defendants impose the $65 charge on all of the collection judgments they obtain in Oregon and have asserted the right to a $65 fee for service of process in over 100 collection actions within the year prior to the filing of this lawsuit.

**CLAIM FOR RELIEF: VIOLATION OF FDCPA**

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

38. Falsely alleging in a collection complaint and other communications, that Discover Bank was entitled to a judgment on a claim of account stated is a false, misleading, deceptive communication, and unconscionable and unfair means of collecting a debt and violates at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**

39. Defendant's communication to Plaintiff in the collection complaint and other communications that Discover Bank was entitled to a judgment on its claim of unjust enrichment, is a false, misleading, deceptive communication, and unconscionable and unfair means of collecting a debt and is a violation of at least one if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT THREE

40. Defendants attempt to collect a $65 process service fee that was not allowed by contract or law is a false, misleading, deceptive communication, and unconscionable and unfair means of collecting a debt and is a violation of at least one if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and 1692(f)1.

## CLASS ALLEGATIONS

41. Plaintiff sues for a class, under FRCP 23(a) and 23(b)(3).

42. "**Account Stated Class**:" The class includes all individuals whom Defendants filed collection complaints on behalf of Discover Bank in an Oregon State Court during the period of December 3, 2017 or after. Actual damages are sought for those class members who incurred expenses in responding to those collection complaints such as fees paid for court costs or legal advice or other actual damages in responding to those false communications. Statutory damages are sought for all members of this class.

43. "**Unjust Enrichment Class**." The class includes all individuals whom Defendants filed collection complaints on behalf of Discover Bank in an Oregon State Court during the period of December 3, 2017 or after. Actual damages are sought for those class members who incurred expenses in responding to those collection complaints such as fees paid for court costs or legal

advice or other actual damages in responding to those false communications. Statutory damages are sought for all members of this class.

44. **"Overstatement Class."** The class includes all individuals whom Defendants filed collection complaints on behalf of Discover Bank in an Oregon State Court during the period of December 3, 2017 or after. Actual damages are sought for those class members who incurred expenses in responding to those collection complaints such as fees paid for court costs or legal advice or other actual damages in responding to those false communications. Statutory damages are sought for all members of this class.

45. On information and belief, the classes are so numerous that joinder of all members is not practicable.

46. There are questions of law and fact common to the classes, which predominate over any questions relating to individual class members. The predominant questions are whether Defendants attempts to collect consumer debts by asserting in collection complaints false claims in support of a right to a judgment on the false claims and the false assertion of a right to a process fee in excess of that permitted by law or contract is an unfair, false, deceptive, misleading communication or means to attempt to collect a debt by a debt collector.

47. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

48. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

49. A class action is superior for the fair and efficient adjudication of this matter, for

   a. Individual actions are not economically feasible, and
   b. Members of the class are likely to be unaware of their rights.

## DAMAGES

50. As a result of Defendant's violation of the FDCPA, Plaintiff and the class have statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 1692k(a)(2)(B)(ii).

51. Actual damages for amounts class members and Plaintiff incurred in responding to the false claims or disputing or paying the process server charge pursuant to 15 U.S.C. § 1692k(a)(1) and 1692k(a)(2)(B)(i).

52. Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and 1692k(a)(2)(B)(ii) for plaintiff and the class;

- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1) and 1692k(a)(2)(B)(i) for plaintiff and the class.

- for an award of costs of litigation and reasonable attorney's fees incurred in stopping the illegal collection action and in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3).

- That this case be certified as a class action and counsel for Plaintiff appointed as class counsel pursuant to FRCP 23(b)(3).

Dated this December 3, 2018

/s/ Bret Knewtson

Bret Knewtson, OSB 033553